Michael P. KOHNEN, Plaintiff-Respondent,

v.

WISCONSIN MUTUAL INSURANCE COMPANY,
Defendant-Appellant.†

Court of Appeals

*No. 82–415. Submitted on briefs October 25, 1982.—
Decided February 8, 1983.*
(Also reported in 331 N.W.2d 598.)

For the appellant the cause was submitted on the briefs of *Stern Law Office* and *Charles E. Stern* of Madison.

For the respondent the cause was submitted on the brief of *Kaiser, Ltd.,* and *Lawrence J. Kaiser* of Eau Claire.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Wisconsin Mutual Insurance Company appeals a judgment requiring it to pay its fire insurance policy limits to Michael Kohnen, its insured, for the total fire loss of his cottage.  It claims that Kohnen's past ren-

---

† Petition to review granted.

tal of his cottage makes Wisconsin's valued policy law, sec. 632.05(2), Stats.,[1] inapplicable. Because the trial court correctly concluded that Kohnen's past rental of his cottage did not deprive him of the benefits of sec. 632.05(2), we affirm the judgment.

Section 632.05(2) requires an insurer to pay its policy limits to an insured whose owned and occupied dwelling is totally destroyed. The insurance commissioner has interpreted sec. 632.05(2) to apply to a seasonal dwelling if it "is not rented to a non-owner for any period of time." Wis. Admin. Code, sec. Ins 4.01 (1981).[2]

Wisconsin Mutual does not challenge the court's findings or the application of sec. 632.05(2) to seasonal dwellings.[3] It claims, however, that by allowing Kohnen to recover under sec. 632.05(2), the court ignored the part of the insurance commissioner's interpretation, which denies application of sec. 632.05(2) if the seasonal dwelling is rented "for any period of time." Although we do not know exactly what the insurance commissioner

[1] Section 632.05(2), Stats., provides:

(2) Total Loss. Whenever any policy insures real property which is owned and occupied by the insured as a dwelling and the property is wholly destroyed, without criminal fault on the part of the insured or the insured's assigns, the amount of the loss shall be taken conclusively to be the policy limits of the policy insuring the property.

[2] The commissioner of insurance has the authority to adopt rules interpreting the provisions of statutes that the agency enforces or administers. Sections 601.41(3) and 227.014(2)(a), Stats.

[3] This issue is therefore not before us. Other courts have concluded, however, that the determination of occupancy should be based on the nature of the property. *See Independent Fire Ins. Co. v. Butler*, 362 So. 2d 980, 982 (Fla. Dist. Ct. App. 1978); *Knight v. United States Fidelity & Guar. Co.*, 182 S.E.2d 693, 695 (Ga. Ct. App. 1971); *Drovers Nat'l Bank v. Great Southwest Fire Ins. Co.*, 371 N.E.2d 855, 857 (Ill. App. Ct. 1977); *Kolivera v. Hartford Fire Ins. Co.*, 290 N.E.2d 356, 358 (Ill. App. Ct. 1972).

meant by this, we reject as unreasonable any construction of sec. 632.05(2) that denies benefits solely on the basis of a past rental. *See Wisconsin's Environmental Decade, Inc. v. PSC,* 84 Wis. 2d 504, 528–29, 267 N.W.2d 609, 622–23 (1978).

We can think of no good reason to deprive an insured of the benefits of sec. 632.05(2) merely because the insured rented the insured property in the past. The ambiguous term in sec. 632.05(2) is "occupied."[4] A past rental of property does not affect an insured's present occupancy of the property.

Kohnen rented his property for about two months. This rental ended about three months before the fire, and Kohnen personally used the cottage up to the day of the fire. The rental therefore did not interfere with Kohnen's occupancy of the cottage at the time of the fire.

*By the Court.*—Judgment affirmed.

---

[4] It is ambiguous because it can be construed in different ways, *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981), and courts have not always agreed on its construction. *See Fitzgerald v. Connecticut Fire Ins. Co.,* 64 Wis. 463 (1885), and cases collected in 4A Appleman, Insurance Law and Practice, §§ 2833, et seq. (rev. ed. 1969).