Charles J. LOOMIS, Petitioner-Respondent,

v.

WISCONSIN PERSONNEL COMMISSION, Respondent-
Appellant,

PRESIDENT, UNIVERSITY OF WISCONSIN SYSTEM,
Respondent-Co-Appellant.

Court of Appeals

*No.  92–2890.  Submitted on briefs June 4, 1993.—Decided
August 25, 1993.*

(Also reported in 505 N.W.2d 462.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Stephen M. Sobota*, assistant attorney general, and adopted by the respondent-co-appellant by *Charles D. Hoornstra*, assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael T. Sheedy* of *Castellani, Sheedy & Associates* of Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   The Wisconsin Personnel Commission appeals from an order reversing its dismissal of Charles J. Loomis' grievance for lack of jurisdiction and compelling it to conduct a hearing on his grievance. The commission argues that it does not have subject matter jurisdiction to hear Loomis' grievance because Wis. Adm. Code sec. **ER 46.03**(2)(k) precludes employees from grieving matters related to wages or hours of employment. Because we conclude that Loomis' grievance alleges matters pertaining to conditions of his employment, which an employee may grieve under sec. **ER 46.03**(1), we affirm.

The underlying facts are undisputed. Since August of 1989, Loomis has been employed as a nonunion maintenance supervisor in the physical plant at the University of Wisconsin Center-Washington County. On February 11, 1992, Loomis filed a fourth step grievance with the commission pursuant to sec. 230.45(1)(c),

Stats., and Wis. Adm. Code sec. **ER 46.07.**[1] He described his grievance in part as follows:

> One of the additional responsibilitie[s] of this position require [sic] me to carry a pager and be on call 24 hrs. a day 365 days a year. This means that I can not leave the signal range of the pager, and if I can not get ahold [sic] of the Maintenance Mechanic for an emergency, I must report to work within one hour.

> The compensation pay plan entitles me to compensation for these responsibilities, yet I am denied them by the Business Manager here. . . .

> Yet, when the Maintenance Mechanic is assigned the pager due to my abscence [sic], he receives [sic] "stanby [sic] pay. . . ."

According to Wis. Adm. Code sec. **ER 46.03**, which establishes the scope of the grievance process, an employee may grieve issues which affect his or her conditions of employment but may not grieve matters

---

[1] The Wisconsin Personnel Commission's jurisdiction over noncontractual grievances is based on sec. 230.45(1)(c), Stats., which provides that the commission shall serve as the final step arbiter in the state employee grievance procedure. Pursuant to sec. 230.04(14), Stats., Wis. Adm. Code ch. **ER 46** was created to establish a written grievance procedure available to state employees who are not covered by a collective bargaining agreement under subch. V of ch. 111, Stats. Wisconsin Adm. Code sec. **ER 46.06** sets forth a three-step grievance procedure with corresponding time limits which must be followed by the employee. If dissatisfied at all three steps, the employee may proceed to the fourth step, which is to grieve the matter to the commission pursuant to sec. **ER 46.07**. Loomis' grievance was dismissed at all three steps on the basis that the commission lacked jurisdiction, and neither party disputes that Loomis' grievance is properly before the commission procedurally.

related to wages, hours of work, and fringe benefits.[2] The commission considered Loomis' grievance but dismissed the matter for lack of subject matter jurisdiction because it concluded that his grievance alleged matters related to wages and hours of work.

Loomis sought review of the commission's decision in the circuit court. The court concluded that the complaint related to Loomis' conditions of employment and, therefore, the commission had jurisdiction over the grievance. The court ordered the commission to provide a hearing to Loomis on his grievance. The commission appeals.

The parties initially dispute the proper standard of an appellate court's review of the commission's conclusion that it does not have jurisdiction over Loomis' grievance. The commission contends that its decision should be reviewed under the "great weight" standard because the commission has expertise in employee relations, the decision involves policy judgments, and the commission has developed precedent on the question. *See West Bend Educ. Ass'n v. WERC*, 121 Wis. 2d 1, 12, 357 N.W.2d 534, 539-40 (1984) (factors to be considered in determining when to grant an agency's conclusion great weight); *see also* sec. 227.57, Stats. We disagree.

---

[2] Wisconsin Adm. Code sec. **ER 46.03** states in relevant part:

> **Scope.** (1) Under this chapter, an employe may grieve issues which affect his or her conditions of employment, including any matter on which the employe alleges that coercion or retaliation has been practiced against the employe except as provided in sub. (2).
> (2) An employe may not use this chapter to grieve:
> . . . .
> (k) Any matter related to wages, hours of work, and fringe benefits.

As the commission states in its reply brief, the issue in this case is the commission's subject matter jurisdiction. Whether an agency has jurisdiction to act presents a legal issue that we review *ab initio*. *Republic Airlines v. DOR*, 159 Wis. 2d 247, 257, 464 N.W.2d 62, 66 (Ct. App. 1990). Decisions of an administrative agency that deal with the scope of its own power are not binding on this court. *Board of Regents v. Wisconsin Personnel Comm'n*, 103 Wis. 2d 545, 551, 309 N.W.2d 366, 369 (Ct. App. 1981). In deciding this issue of law, we also owe no deference to the conclusions of the trial court. *Republic Airlines*, 159 Wis. 2d at 257, 464 N.W.2d at 66.

We next turn to the merits of the case. The commission contends that it lacks jurisdiction under Wis. Adm. Code sec. **ER 46.03**(2)(k) to give Loomis a hearing on his grievance because the complaint involves issues related to wages and hours of work, which are precluded from the grievance process by the administrative rule. We disagree.

Pleadings are to be treated as flexible and are to be liberally construed in administrative proceedings. *Wisconsin Tel. Co. v. DILHR*, 68 Wis. 2d 345, 359, 228 N.W.2d 649, 657 (1975). Applying this principle, we conclude that Loomis' complaint invokes the commission's jurisdiction. The basis of Loomis' grievance deals with the fact that his job requires him to carry a pager and to remain on call outside of his regular working hours throughout the entire year. Loomis complained that he was not informed of this job requirement until two months after he was hired. This portion of his grievance clearly relates to a "condition of employment" which the commission expressly has jurisdiction

30

to consider under Wis. Adm. Code sec. **ER 46.03**(1). By implication it also suggests that Loomis is grieving this matter in order to have the burdensome restriction lifted or altered.

However, we acknowledge that Loomis' grievance also alleges that others who have been given similar responsibilities receive additional compensation. The nature of this complaint is clearly related to wages, which Loomis expressly stated in his request for relief as follows:

> It seems highly unethical and inequitable for a Maintenance Supervisor to receive less compensation than a classified staff . . . . I request that I be compensated for these added duties either in the form of standby pay or comp. time.

The commission clearly lacks jurisdiction to consider such a remedy under Wis. Adm. Code sec. **ER 46.03**(2)(k) because it relates to wages.

Therefore, when considering the grievance in its entirety, the exact nature of the relief sought by Loomis is uncertain. However, giving the grievance the liberal construction it is entitled, we are certain that it alleges matters relating to a condition of employment. While the commission does not have jurisdiction to consider claims for relief involving wages, the commission does have jurisdiction to consider claims for relief involving conditions of employment, such as the job requirement complained of by Loomis in this case.

Therefore, we conclude that the commission's dismissal of Loomis' complaint for lack of subject matter jurisdiction at this early stage of the proceeding was premature. Accordingly, the commission must hold a

hearing on Loomis' grievance to determine the nature of the relief being sought by Loomis, whether it can grant him such relief, and, if so, whether such relief is warranted given the evidence presented at the hearing.

*By the Court.*—Order affirmed.