Richard SEIDER and Jean Seider, Plaintiffs-Appellants,

v.

Josephine W. MUSSER, Commissioner of Insurance, Defendant-Respondent.†

Court of Appeals

No. 98–1223. Submitted on briefs July 13, 1998.—Decided September 17, 1998.

(Also reported in 585 N.W.2d 885.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Andrew J. King* of *Lutz, Burnett, McDermott, Jahn & King, LLP* of Chilton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul L. Barnett*, assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

VERGERONT, J. Richard and Jean Seider appeal from a judgment dismissing their complaint for a declaratory judgment that WIS. ADM. CODE § INS 4.01(2)(e) is invalid because it conflicts with § 632.05(2), STATS., the "valued policy law." That statute establishes the policy limits as the amount of loss whenever insured real property "owned and occupied by the insured as a dwelling" is wholly destroyed. Section 632.05(2).[1] The administrative regulation makes this statute inapplicable when there is a "policy insuring real property any part of which is used for commercial (non-dwelling) purposes other than on an incidental basis." WIS. ADM. CODE § INS 4.01(2)(e).[2] The

---

[1] Section 632.05(2), STATS., provides in full:

> TOTAL LOSS. Whenever any policy insures real property which is owned and occupied by the insured as a dwelling and the property is wholly destroyed, without criminal fault on the part of the insured or the insured's assigns, the amount of the loss shall be taken conclusively to be the policy limits of the policy insuring the property.

[2] WISCONSIN ADM. CODE § INS 4.01(2)(e) provides in full:

trial court concluded that, while the rule did limit and restrict the applicability of the statute, the rule did not conflict with the statute and was valid because it was within the rule-making authority of the Office of the Commissioner of Insurance (OCI).

We conclude that the rule does conflict with the statute because the statute plainly applies to real property that is owned and occupied by the insured as a dwelling, regardless of whether the real property is also used by the insured for commercial purposes. The OCI therefore exceeded its authority when it made the statute inapplicable simply because the real property was used for commercial purposes in addition to being occupied as a dwelling. Accordingly, we reverse and remand.

## BACKGROUND

The parties have stipulated to the pertinent facts. The Seiders are husband and wife. On April 10, 1995, they acquired ownership of a building and real estate located in Manitowoc County. In November of that year, the building was wholly destroyed by fire through no criminal fault of their own or their assigns. From the time they acquired the building until it was destroyed, the Seiders used the building to conduct their restaurant business, known as the Steinthal Valley Lodge. During that same time period, they occupied the building as their dwelling, residing there continuously and exclusively. They did not own or occupy any other building as their dwelling during that period.

---

(e) *Combined commercial and residential properties.* A policy insuring real property any part of which is used for commercial (non-dwelling) purposes other than an incidental basis is not subject to s. 632.05(2), Stats.

At the time of the fire, the Seiders were the insureds under a policy of insurance issued by Wilson Mutual Insurance Company, which had a limit of liability, subject to all the terms of the policy, of $150,000. The policy insured the building and real estate against loss by fire. After the fire, the Seiders filed a proof of loss in the amount of the liability limits, which was rejected by Wilson Mutual. Instead Wilson Mutual paid them $129,053.39, which represents the actual cash value of the building after application of the deductible. The policy provided that valuation of the property shall be the actual cash value at the time of loss.

The trial court dismissed the Seiders' claim that they were entitled to $150,000 under § 632.05(2), STATS., and that WIS. ADM. CODE § INS 4.01(2)(e) was invalid. The court reasoned that OCI was charged with administering and enforcing the valued policy law and, therefore, had the authority to interpret it if necessary to achieve the legislative intent. The court concluded that WIS. ADM. CODE § INS 4.01(2)(e) was consistent with the legislative intent as revealed in the legislative history of the statute. The court agreed with the Seiders that the statute as a whole was clear and unambiguous and that "dwelling" should be given its plain meaning; however, it decided that even when the term "dwelling" is given its plain meaning it is subject to different interpretations that require clarification. The court acknowledged that the rule did "limit and restrict the applicability of the statute," but concluded that it did so without conflict with the statute and was, therefore, valid.

## DISCUSSION

■

On appeal, the Seiders renew their argument that the rule is invalid because it conflicts with the plain language of the statute and thus exceeds the authority of OCI. Section 227.40(4)(a), STATS., provides that in a proceeding for judicial review of an administrative rule, "the court shall declare the rule invalid if it finds that it . . . exceeds the statutory authority of the agency. . . ." Whether a rule exceeds the statutory authority of an agency presents a question of statutory construction, which we review de novo. *DeBeck v. DNR*, 172 Wis. 2d 382, 386, 493 N.W.2d 234, 236 (Ct. App. 1992).

■

' The OCI is authorized by statute to administer and enforce chapters 600 to 655 of the Wisconsin Statutes and to promulgate rules as provided in § 227.11(2), STATS. *See* § 601.41(1) and (3), STATS. Section 227.11(2)(a) provides:

> (2) Rule-making authority is expressly conferred as follows:
> (a) Each agency may promulgate rules interpreting the provisions of any statute enforced or administered by it, if the agency considers it necessary to effectuate the purpose of the statute, but a rule is not valid if it exceeds the bounds of correct interpretation.

An administrative rule that conflicts with an unambiguous statute exceeds the rule-making authority of the administrative agency. *Basic Products Corp. v. Wis. Dep't of Taxation*, 19 Wis. 2d 183, 186, 120 N.W.2d 161, 162 (1963). Therefore we first consider whether § 632.05(2), STATS., is ambiguous. This, too, is a

question of law, which we review de novo. *See Awve v. Physicians Ins. Co.*, 181 Wis. 2d 815, 822, 512 N.W.2d 216, 218 (Ct. App. 1994).

We agree with OCI that we determine whether a statute is ambiguous in the context of the issues and facts before us. *See Drangstviet v. Auto-Owners Ins. Co.*, 195 Wis. 2d 592, 599, 536 N.W.2d 189, 191 (Ct. App. 1995). We have held that § 632.05(2), STATS., is unambiguous in the context of the question whether an estate occupies a dwelling under § 632.05(2). *See id.* at 600, 536 N.W.2d at 191 (holding that the statute plainly applies to insureds who are persons actually using a place as a residence and does not apply to the inanimate entity of an estate). However, that does not answer the issue on this appeal. Similarly, our conclusion in *Kohnen v. Wis. Mut. Ins. Co.*, 111 Wis. 2d 584, 586, 331 N.W.2d 598, 599 (Ct. App. 1983)—that the term "occupied" is ambiguous in the context of the question whether an insured who periodically leases a dwelling "occupies" it[3] —does not resolve the issue on this appeal. The issue before us is whether the term "dwelling" in § 632.05(2) is ambiguous when applied to insureds who reside in a building that is destroyed by fire, have no other residence, and also use the building for a business. We conclude there is no ambiguity and the plain language of the statute includes this situation.

There is no dispute that the Seiders occupied the building as a dwelling. Ambiguities which might exist

---

[3] In *Kohnen v. Wis. Mut. Ins. Co.*, 111 Wis. 2d 584, 586, 331 N.W.2d 598, 599 (Ct. App. 1983), we held that even though "occupy" was ambiguous, OCI's rule was unreasonable insofar as it made § 632.05(2), STATS., inapplicable solely because of a past rental, since that fact does not affect an insured's present occupancy.

had they owned another residence, or were temporarily staying elsewhere, for example, do not exist in this case. The OCI contends one could reasonably interpret a "dwelling" as not including real property that is "predominantly commercial" and "only used incidentally as a residence." However, OCI does not elaborate on this assertion. We see nothing in the plain language of the statute suggesting that additional uses of the building might affect whether it is a dwelling. The dictionary definition of "dwelling" is "a building or construction used for residence." WEBSTER'S THIRD NEW INT'L DICTIONARY 706 (1993).[4] This definition does not suggest that use of a building for a purpose in addition to that of a residence affects whether the building is a dwelling. Of course the legislature could have stated that the use as a dwelling must be the "sole use," or the "predominate use," or in some other way indicated that uses in addition to a dwelling affected the application of the statute; but the legislature did not do that.

We have carefully considered the trial court's reasoning—that the statute is clear and unambiguous, but even when "dwelling" is given its plain meaning according to the dictionary, it is still in need of further clarification. However, we conclude the plain meaning of "dwelling" is not in need of further clarification as to whether additional uses of the building affect a building's status as a dwelling. Nothing in the dictionary definition or the language of the statute suggests this.

---

[4] We may consult a dictionary to give a word its ordinary meaning, see *Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45, 50 (1995), and doing so does not in itself mean a statute is ambiguous. *See State v. Sample*, 215 Wis. 2d 486, 498–99, 573 N.W.2d 187, 192 (1998).

The OCI urges us to consult the legislative history of the statute to discern its purpose, as the trial court did. The trial court concluded that OCI's regulation is reasonable because it furthers that legislative purpose: eliminating disputes over the "actual value" of homes that hold intrinsic and sentimental worth to people. However, in interpreting a statute, we do not start with the legislative history. We begin with the language of the statute to determine legislative intent; if that is not ambiguous, we apply the language to the case at hand and do not look beyond that language for other meanings. *See Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 247, 493 N.W.2d 68, 74 (1992). We consult the legislative history of a statute to determine legislative intent only if we have already determined that it is ambiguous. *Id.* Since we have decided § 632.05(2), STATS., is not ambiguous, we do not consider its legislative history.

■

Having concluded that the statute is not ambiguous in the context of the facts on this appeal, we must decide whether WIS. ADM. CODE § INS 4.01(2)(e) conflicts with it. The trial court determined that it did not, because the rule simply clarified a term that needed clarifying in order to be consistent with legislative intent. However, as we have already explained, the plain language of the statute does not suggest that use of a dwelling for additional purposes affects the statute's application. Therefore, a rule that makes the statute inapplicable to a building that an insured owns and occupies as a dwelling on the ground that it is also used for commercial purposes does conflict with the statute and does exceed the authority of OCI.

The OCI argues that, although the rule may be invalid under other circumstances, it is valid as applied to the Seiders because their policy is a commercial package policy for real estate. However, the statute applies *"[w]henever any policy* insures real property which is owned and occupied by the insured as a dwelling." Section 632.05(2), STATS. (emphasis added). The plain language of the statute does not condition its application on whether the policy is a commercial policy or a homeowner's policy. Moreover, the challenged rule does not focus on the type of policy but rather on the uses of the property.

We conclude that the Seiders are entitled to a declaratory judgment that WIS. ADM. CODE § INS 4.01(2)(e) is invalid because it exceeds the bounds of correct interpretation of § 632.05(2), STATS., in that it conflicts with the plain language of that statute. We therefore reverse and remand to the trial court for the entry of a declaratory judgment.

*By the Court.*—Judgment reversed and cause remanded with directions.