George J. and Mary V. CAPOUN REVOCABLE TRUST, and George J. and Mary V. Capoun as Trustees, Plaintiffs-Appellants,†

v.

Aftab ANSARI, David H. Schwarz, Department of Administration, Division of Hearings and Appeals, and George Meyer, Secretary, Department of Natural Resources, Defendants-Respondents.

Court of Appeals

*No. 99–1146. Submitted on briefs December 6, 1999.—Decided March 16, 2000.*

2000 WI App 83

(Also reported in 610 N.W.2d 129.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Walter W. Stern* of *Law Office of Walter W. Stern* of Union Grove.

On behalf of the defendant-respondent Aftab Ansari, the cause was submitted on the brief of *Charles*

*J. Labanowsky* of *Labanowsky & Associates, S.C.* of Kenosha.

On behalf of the defendants-respondents DOA and DNR, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Steven B. Wickland*, assistant attorney general.

Before Eich, Vergeront and Roggensack, JJ.

¶ 1.   ROGGENSACK, J.   This appeal arises out of an action George and Mary Capoun[1] filed in Dane County Circuit Court seeking to prevent the Department of Administration (DOA) from holding a hearing on Aftab Ansari's request that the Department of Natural Resources (DNR)[2] issue a permit for a retention pond he had already constructed on his property. The circuit court granted summary judgment dismissing the Capouns' action. On appeal, the Capouns argue that the DNR did not have subject matter jurisdiction to issue a permit to Ansari for the retention pond because it had already been constructed and the statutes limit the DNR's authority to issue permits to those instances where construction has not yet begun. The Capouns also contend that the granting of this permit denied them due process of law. We conclude that the DNR has subject matter jurisdiction to issue permits

[1] George and Mary Capoun brought this suit in their capacity as trustees of the George and Mary Capoun Revocable Trust. For ease of reference, we refer to the appellants as the Capouns throughout this opinion.

[2] The Capouns sued David H. Schwarz, the division head of the Department of Administration, Division of Hearings and Appeals, and George Meyer, the Secretary of the Department of Natural Resources. For ease of reference, however, we shall refer to these respondents as the DOA and the DNR, respectively, throughout this opinion.

relating to waterways, both before and after construction has commenced. We also conclude that the Capouns' claim that they were denied due process is without merit. Accordingly, we affirm the circuit court.

## BACKGROUND

¶ 2. The relevant facts are largely undisputed. The Capouns own property that lies adjacent to property owned by Ansari. Sometime during 1995 or 1996, Ansari constructed a retention pond on his property. The Capouns claim that the pond has created an increase in the water flowing onto their property, causing damage to them.

¶ 3. Ansari did not apply for a WIS. STAT. § 30.19 (1997–98)[3] permit[4] from the DNR prior to beginning construction of the pond. Ansari did, however, apply for a permit after the pond was constructed. The Capouns, opposing the issuance of the permit, filed objections with the DNR. They also commenced this action seeking a permanent injunction against the DOA and the DNR to prevent them from holding a contested case hearing for the permit Ansari was seeking. However, after the Capouns made their objections, the DOA held a formal contested case hearing to determine whether the DNR should issue a permit for the pond.

¶ 4. It appears that the Capouns had notice of, and also participated in, the hearing, which lasted three days.[5] However, before the hearing examiner

---

[3] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[4] None of the parties have alleged that a permit was not needed for the pond. Therefore, for purposes of this appeal, we assume that a permit was required.

[5] In its statement of facts, the DNR maintains that the Capouns had notice of, and participated in, the three-day hear-

issued his decision about whether to issue a permit, the Capouns moved for summary judgment in this case, arguing that the DNR did not have subject matter jurisdiction necessary to issue an after-the-fact permit. They also claimed that they were denied the use of their land without due process of law. Before the circuit court ruled on the Capouns' motion, the DNR issued written findings of fact and conclusions of law, granting Ansari the permit. The Capouns appealed that determination to the circuit court in Kenosha County in a WIS. STAT. ch. 227 proceeding.[6] Therefore, the procedure used by the DNR in its hearing and the merits of its decision to issue a permit are not before this court on appeal. Later, in the case now before us, the circuit court concluded that the DNR had the authority to issue permits after-the-fact and that no due process violation had been demonstrated. Therefore, it granted summary judgment in favor of Ansari, the DNR and the DOA. It is from this decision that the Capouns appeal.

ing. The DNR also states that the Capouns appealed the decision to award the permit Ansari had requested to the Kenosha County Circuit Court. The Capouns have not challenged these alleged facts in their reply brief; therefore, we accept this procedural history as true. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99, 101 (Ct. App. 1994) (the court will assume that an appellant implicitly accepts a respondent's assertion if the appellant fails to object to the respondent's position in his reply brief).

[6] See footnote 5 above.

## DISCUSSION

**Standard of Review.**

¶ 5.    A grant or denial of summary judgment is an issue of law which we review *de novo*, applying the same methodology as the circuit court. *See Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 232, 568 N.W.2d 31, 34 (Ct. App. 1997). We first examine the complaint to determine whether it states a claim, and then we review the answer to determine whether it joins a material issue of fact or law. *See id.* If we conclude that the complaint and answer are sufficient to join issue, we examine the moving party's affidavits to determine whether they establish a *prima facie* case for summary judgment. *See id.* at 232–33, 568 N.W.2d at 34. If they do, we look to the opposing party's affidavits to determine whether there are any material facts in dispute which entitle the opposing party to a trial. *See id.* at 233, 568 N.W.2d at 34.

¶ 6.    Additionally, construction of a statute, or its application to undisputed facts, is a question of law, which we review *de novo*. *See Ansani v. Cascade Mountain, Inc.*, 223 Wis. 2d 39, 45, 588 N.W.2d 321, 324 (Ct. App. 1998), *review denied*, 225 Wis. 2d 489, 594 N.W.2d 383 (1999). If the construction of a statute involves the scope of an agency's power, we do not give any deference to the opinion of the agency, but rather, we interpret the statute *de novo*. *See Loomis v. Wisconsin Personnel Comm'n*, 179 Wis. 2d 25, 30, 505 N.W.2d 462, 464 (Ct. App. 1993). We also review allegations of due process violations *de novo*. *See Tateoka v. City of Waukesha Bd. of Zoning Appeals*, 220 Wis. 2d 656, 669, 583 N.W.2d 871, 876 (Ct. App. 1998).

**Authority to Issue After-the-Fact Permits.**

■

¶ 7.   The Capouns assert that whether the DNR has the authority to issue a permit after-the-fact is a question of subject matter jurisdiction, requiring a *de novo* review by this court. When we are asked to construe the breadth of power an agency has been delegated by the legislature, we note that, as a creature of the state, an agency has only those powers the state has given it. *See Silver Lake Sanitary Dist. v. DNR*, 232 Wis. 2d 217, 221, 607 N.W.2d 50, 52 (Ct. App. 1999); *Jocz v. LIRC*, 196 Wis. 2d 273, 291–92, 538 N.W.2d 588, 593 (Ct. App. 1995).

¶ 8.   The DNR and Ansari, without contesting the framing of the issue as one of subject matter jurisdiction,[7] urge us to defer to the DNR's interpretation of the statute, citing *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 539 N.W.2d 98 (1995), and its progeny, which set forth levels of deference that are often applied to statutory interpretations by agencies. However, the standards of deference set out in *Harnischfeger* have no relevance when we are asked to determine whether an agency has subject matter jurisdiction to take a particular action, as we have been here.[8] As we stated above in setting out the standard of

---

[7] The Capouns phrased the issue as one of subject matter jurisdiction and the respondents have not objected to setting the issue in that way, so we will accept that as the issue we are asked to determine.

[8] If we were asked to determine whether the DNR correctly interpreted WIS. STAT. § 30.19 when it issued Ansari a permit, then the standards of review set forth in *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 539 N.W.2d 98 (1995), would be the appropriate ones to apply. However, that question will be

review for the various issues addressed in this opinion, if an agency's construction of a statute involves interpreting the scope of the agency's power, we do not give any deference to the opinion of the agency, but rather, we interpret the statute *de novo*. *See Loomis*, 179 Wis. 2d at 30, 505 N.W.2d at 464; *Froebel v. DNR*, 217 Wis. 2d 652, 662–63, 579 N.W.2d 774, 779 (Ct. App. 1998).

¶ 9. It is WIS. STAT. § 30.19 which we are asked to construe in this appeal. It provides in relevant part:

> (1) PERMITS REQUIRED. Unless a permit has been granted by the department or authorization has been granted by the legislature, it is unlawful:
> (a) To construct, dredge or enlarge any artificial waterway, canal, channel, ditch, lagoon, pond, lake or similar waterway . . . .
>
> . . . .
> (2) PERMITS FOR WORK OR TO ENLARGE WATERWAYS. Before any work or connection specified in sub. (1) is undertaken the applicant shall file an application with the department . . . .

¶ 10. The Capouns contend that because WIS. STAT. § 30.19(2) clearly states that a permit must be obtained *before* work is undertaken, the DNR has no subject matter jurisdiction to consider any requests for after-the-fact permits. The Capouns' argument presents a question of statutory construction. Our goal in interpreting a statute is to discern legislative intent and to give meaning to the statute which comports with that intent. *See Rolo v. Goers*, 174 Wis. 2d 709, 715, 497 N.W.2d 724, 726 (1993). We first look to the statutory language; and if it is clear and unambiguous on its face, we apply that language. *See State v. Michael J.W.*, 210

---

addressed in the WIS. STAT. ch. 227 appeal which the Capouns have pending before the circuit court in Kenosha County.

Wis. 2d 132, 146, 565 N.W.2d 179, 186 (Ct. App. 1997). However, an "unambiguous statute can be rendered ambiguous by its interaction with and its relation to other statutes." *A. v. Racine County*, 119 Wis. 2d 349, 351, 349 N.W.2d 743, 744 (Ct. App. 1984) (citation omitted).

¶ 11. We note that the legislature formed the DNR in 1965 " 'to protect human life and health, fish and aquatic life, scenic and ecological values and domestic, municipal, recreational, industrial, agricultural and other uses of water.' " *See Reuter v. DNR*, 43 Wis. 2d 272, 275–76, 168 N.W.2d 860, 861 (1969) (citation omitted). In creating WIS. STAT. ch. 30, the legislature established a framework to regulate the state's navigable waters and delegated the enforcement of ch. 30 to the DNR. WISCONSIN STAT. § 30.19 specifically contemplates that the DNR will be responsible for balancing competing interests in the use of state waters, requiring the DNR to deny a permit if the project will cause a "material injury to the rights of any riparian owners . . . ." *See* § 30.19(4). Therefore, we conclude that the DNR has been charged by the legislature with administering permits relating to waterways pursuant to § 30.19.

¶ 12. The Capouns' argument that the DNR has subject matter jurisdiction only over before-the-fact permits and not after-the-fact permits is based on a very narrow construction of WIS. STAT. § 30.19. It also ignores WIS. STAT. § 30.28, which deals with the same subject matter. However, rules of judicial construction require us to consider statutes pertaining to the same subject matter together. "When multiple statutes address the same subject matter, we properly read the two statutes in pari materia such that both will be

operative." *See Providence Catholic Sch. v. Bristol Sch. Dist. No. 1*, 231 Wis. 2d 159, 178, 605 N.W.2d 238, 247 (Ct. App. 1999), *review denied*, 2000 WI 2 (1999). If there is a potential for conflict between the statutes, we will read the statutes to avoid such conflict if a reasonable construction which yields that result is possible. *See id.* Therefore, we shall interpret § 30.19 in light of § 30.28, which addresses another aspect of obtaining a permit.

¶ 13.   Of particular relevance to this appeal is WIS. STAT. § 30.28(2m)(b) which provides "[i]f the applicant applies for a permit . . . after the project is begun or after it is completed, the department shall charge an amount equal to twice the amount of the fee that it would have charged under this section." The Capouns do not dispute that § 30.28(2m)(b) applies to permits such as the one sought by Ansari. However, they contend that it merely sets forth a fee schedule for permit applications. We do not find the Capouns' reasoning persuasive because if the DNR has the authority to issue permits only before construction has begun, there would be no reason for the legislature to direct the DNR to charge a double application fee for those persons who seek a permit after the project either has begun or has been completed. Therefore, the interpretation of WIS. STAT. § 30.19 that the Capouns urge us to adopt would cause the directive of § 30.28(2m)(b) to be meaningless. This is a statutory interpretation we cannot accept. *See Providence Catholic Sch.*, 231 Wis. 2d at 179, 605 N.W.2d at 247. Therefore, we conclude that the DNR has subject matter jurisdiction to issue after-the-fact permits, as well as those issued prior to the commencement of construction.

■

¶ 14. The Capouns also argue that even if the DNR has subject matter jurisdiction to consider an application filed after a project has begun, the agency exceeded its rule-making authority when it promulgated a rule that conflicted with a statute. While we agree with the Capouns that "[a]n administrative rule that conflicts with an unambiguous statute exceeds the rule-making authority of the administrative agency," *see Seider v. Musser*, 222 Wis. 2d 80, 85, 585 N.W.2d 885, 887 (Ct. App. 1998), *aff'd*, 2000 WI 76, 236 Wis. 2d 211, 612 N.W.2d 659, this issue is not available when one contests subject matter jurisdiction because an agency's jurisdiction is established by the legislature. It is not created by the agency, itself, when it engages in rule-making. *See Peterson v. Natural Resources Bd.*, 94 Wis. 2d 587, 593, 288 N.W.2d 845, 848 (1980). Additionally, because we have concluded that the DNR has subject matter jurisdiction to issue after-the-fact permits, the complained of rule is not in conflict with the statutory grants of authority to the agency.

**Due Process.**

■

¶ 15. The Capouns also claim that they were denied the use of their property without due process of law. The Wisconsin and United States Constitutions prohibit governmental actions that deprive any person of life, liberty or property without due process of law. *See* U.S. CONST. amend. V and XIV; WIS. CONST. art. I, § 1. " 'In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.' " *Casteel v.*

*McCaughtry*, 176 Wis. 2d 571, 579, 500 N.W.2d 277, 281 (1993) (emphasis in *Casteel*) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). When a plaintiff claims a due process violation, we first determine whether the state has deprived the plaintiff of a constitutionally protected interest in life, liberty or property. *See id.* If such a deprivation has occurred, we then determine whether the process provided before the deprivation was constitutionally adequate. *See id.*

¶ 16.   The Capouns cannot establish either due process element. First, the Capouns cannot show that the DNR has deprived them of a property interest by granting an after-the-fact permit to a neighboring property owner. The Capouns do not articulate what property interest it claims the DNR has taken. Rather, they complain that the retention pond built by Ansari is flooding their property. The building of the retention pond was an action taken by a neighboring property owner, not by the DNR. The due process clause addresses only actions taken by the state or an agent thereof.[9]

¶ 17.   Additionally, even if the Capouns could establish a deprivation of a property interest by the DNR, they cannot show that the process they received was constitutionally inadequate. The supreme court recently explained: " '[D]ue process is satisfied if the statutory procedures provide an opportunity to be heard in court at a meaningful time and in a meaningful manner. Due process is flexible and requires only

---

[9] The Capouns try to establish state action by contending that it was the DNR's granting of the after-the-fact permit which denied them of their use of their land. However, it is clear from their pleadings that it is the increase in water from the retention pond that they claim has caused them damage.

such procedural protections as the particular situation demands.' " *Estate of Makos v. Wisconsin Masons Health Care Fund*, 211 Wis. 2d 41, 46, 564 N.W.2d 662, 663 (1997) (quoting *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 512, 261 N.W.2d 434, 444 (1978)). Here, the Capouns had an opportunity to be heard at a meaningful time and in a meaningful manner. The DOA held a three-day hearing before the permit was issued to Ansari. Additionally, the Capouns had notice of, and participated in, that hearing. The Capouns offer no explanation in their brief as to how this procedure was inadequate. Accordingly, we conclude that the Capouns' argument that they were denied due process is without merit.[10]

## CONCLUSION

¶ 18.   We conclude that the DNR has subject matter jurisdiction to issue permits relating to waterways, both before and after construction has commenced, and that the Capouns' claim that they were denied due process is without merit. Accordingly, we affirm the circuit court's ruling.

*By the Court.*—Order affirmed.

---

[10] In their brief, the Capouns assert that they were deprived of due process by an "after-the-fact hearing." However, the three days of hearings were held before the DNR issued the permit, not after.