Michael WENDT and Robin Wendt, Plaintiffs-Appellants,†

v.

John H. BLAZEK and Sandra M. Blazek, Defendants-Respondents,

John C. BROWN, Rosemary S. Brown, Aaron M. Brown, Tina L. Landers, Donald E. Holderfield, Jr., Kathleen E. Hermes, Michael M. Bozich, Karen C. Bozich, Julianne R. Dombeck, David P. Austin, Karen R. Austin, Terry J. Ellsworth, Joanne E. Ellsworth, Jeffrey C. Jaeckle, Mary E. Ehlert, Carol Stelter, Theodore D. Richards, Cynthia J. Richards, Louise Beaumont, Jane Doe and John Doe, Defendants.

Court of Appeals

*No. 00–2448–FT. Submitted on briefs January 22, 2001.—Decided March 14, 2001.*

2001 WI App 91

(Also reported in 626 N.W.2d 78.)

†Petition to review denied.

723

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *William A. Swendson* of *Swendson / Menting Law Ltd.* of Oconomowoc.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gordon P. Giampietro* of *Michael, Best & Friedrich, L.L.P.* of Milwaukee.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. Michael and Robin Wendt, the owners of riparian property, appeal from a summary judgment declaring that a lake access easement owned by John H. and Sandra M. Blazek, the owners of nonriparian property, includes the right to maintain and use a pier at the water's edge of the easement.[1] We affirm the trial court's summary judgment ruling.

## *FACTS AND PROCEDURAL HISTORY*

¶ 2. At one time, the Jaeckle family owned and operated a resort on Okauchee Lake in Waukesha county. The family also owned nonriparian lots that adjoined the resort property. In 1971, the Jaeckles sold the resort property to Dennis Winn. The conveyance reserved to the Jaeckles and their heirs and assigns

---

[1] The appeal in this case is taken from a partial summary judgment granted by Judge James R. Kieffer and from a portion of a later judgment entered by Judge J. Mac Davis, which incorporated the prior summary judgment by Judge Kieffer. On appeal, we review the summary judgment ruling by Judge Kieffer.

"an easement for the purpose of access to Okauchee Lake on and over a strip of land 15 feet in width lying parallel to and immediately East of the West line of the above-described real estate." In 1993, the Jaeckles sold one of the nonriparian lots to the Blazeks. The easement was included in this conveyance. The Jaeckles also sold two other nonriparian lots to other parties. The easement was also included in these conveyances.

¶ 3. According to the affidavit of William Jaeckle, a son of one of the original owners, the Jaeckle family installed a private pier on the resort property in 1962 for the use of the family. This pier was located at the point where the present easement meets the water's edge. After the sale to Winn, the Jaeckle family used this easement for purposes of access to the pier and Okauchee Lake. William Jaeckle purchased his parents' property in 1989 and he continued to use and maintain the pier until he sold the property to a third party in 1995.

¶ 4. The Wendts purchased the former Winn property in 1996.[2] In 1999, they commenced this declaratory action against the Blazeks and other nonriparian property owners whose conveyances included the easement. The Wendts' complaint sought a judicial declaration that the easement did not include a right to use and maintain the pier. The Wendts moved for partial summary judgment. Relying principally on *Ellingsworth v. Swiggum*, 195 Wis. 2d 142, 536 N.W.2d 112 (Ct. App. 1995), the Wendts argued that the right of access granted by the easement was separate and distinct from the riparian right to place a pier. Since the easement did not confer the right to place a pier,

---

[2] The parties' briefs do not advise whether the Wendts purchased their property from Winn or from some intervening owner.

they contended that the Blazeks' use of the pier was not authorized by the easement. The Wendts also relied on *Ellingsworth* for their further argument that WIS. STAT. § 30.131 (1999–2000)[3] did not confer any pier rights to the Blazeks.

¶ 5. The Blazeks responded on a number of grounds. First, they contended that the Wendts' action was barred on grounds of issue preclusion based upon a complaint which the Wendts had previously filed with the Department of Natural Resources (DNR) alleging that the pier was an unlawful structure pursuant to WIS. STAT. § 30.131.[4] Second, they argued that the pier was lawful pursuant to § 30.131. Third, they asserted that the Wendts' action was barred by principles of laches and estoppel.

¶ 6. In a bench decision, the trial court rejected the Blazeks' issue preclusion defense. However, in a later written decision, the court ruled in favor of the Blazeks on the merits. The court acknowledged that while the easement did not expressly confer a right to use and maintain the pier, it also did not expressly bar such use and maintenance. More importantly, the court held that since the pier was not an unlawful structure under WIS. STAT. § 30.131, the Blazeks were entitled to use and maintain it under the easement. Accordingly, the court denied the Wendts' motion for partial summary judgment and instead entered partial summary judgment in favor of the Blazeks.[5] *See* WIS. STAT. § 802.08(6) ("If it shall appear to the court that

---

[3] All references to the Wisconsin Statutes are to the 1999–2000 version.

[4] After an investigation by a DNR warden, the DNR took no further action on the Wendts' complaint.

[5] Because the trial court ruled for the Blazeks on the merits, it did not discuss their laches and estoppel defenses.

the party against whom a motion for summary judgment is asserted is entitled to summary judgment, the summary judgment may be awarded to such party even though the party has not moved therefor.").[6]

¶ 7. The Wendts appeal. We will discuss the relevant portions of the trial court's decision in greater detail as we discuss the appellate issues.

## DISCUSSION

### 1. Standard of Review, Riparian Law and Easement Law

¶ 8. We review a trial court's summary judgment ruling de novo, applying the same standards as the trial court. We will not repeat the often stated and well-accepted summary judgment methodology. Suffice it to say that we look to see if there are any material issues of fact which entitle the opposing party to a trial. As the movant, the Wendts were obligated to establish a prima facie case for the declaratory relief they sought. *Capoun Revocable Trust v. Ansari*, 2000 WI App 83, ¶ 5, 234 Wis. 2d 335, 610 N.W.2d 129. And, as already noted, WIS. STAT. § 802.08(6) allows a court to award summary judgment to the opposing party even if that party has not sought summary judgment.

¶ 9. A riparian owner is one who holds title to land abutting a body of water. *Stoesser v. Shore Drive P'ship*, 172 Wis. 2d 660, 665, 494 N.W.2d 204 (1993). A riparian owner has certain rights based upon title to

---

[6] The trial court entered a partial summary judgment because the ruling did not govern the Wendts' claims as to certain of the other defendants. The later judgment disposed of these remaining claims and also restated the court's partial grant of summary judgment in favor of the Blazeks.

the ownership of such lands. *Id.* at 666. These rights are not common to the citizens at large, but exist as natural and inherent incidents of the ownership of riparian land. *Id.*

¶ 10. An easement is a permanent interest in another's land, with a right to enjoy it fully and without obstruction. *Krepel v. Darnell*, 165 Wis. 2d 235, 244, 477 N.W.2d 333 (Ct. App. 1991). An easement consists of two distinct property interests—the dominant, which enjoys the privileges granted by the easement, and the servient, which permits the exercise of those privileges. *Id.*

### 2. *Ellingsworth v. Swiggum and Wis. Stat. § 30.131*

¶ 11. In *Ellingsworth*, the court of appeals addressed the relationship between a nonriparian owner's access easement and WIS. STAT. § 30.131, governing wharves and piers maintained under such an easement. We set out the statute in the accompanying footnote.[7] In *Ellingsworth*, the easement provided for "ingress and egress to the Lake." *Ellingsworth*, 195

---

[7] WISCONSIN STAT. § 30.131 reads as follows:

**Wharves and piers placed and maintained by persons other than riparian owners. (1)** Notwithstanding s. 30.133, a wharf or pier of the type which does not require a permit under ss. 30.12(1) and 30.13 that abuts riparian land and that is placed in a navigable water by a person other than the owner of the riparian land may not be considered to be an unlawful structure on the grounds that it is not placed and maintained by the owner if all of the following requirements are met:

(a) The owner of the riparian land or the owner's predecessor in interest entered into a written easement that was recorded before December 31, 1986, and that authorizes access to the shore to a person who is not an owner of the riparian land.

Wis. 2d at 145. The easement owners argued that this language was sufficient to confer the right to construct a pier. *Id.* at 151. The court disagreed, offering the following language upon which the Wendts rely:

> The Ellingsworths argue that the easement need not specifically grant them the right to build a pier in order for them to have that right. It is true that, assuming all other conditions are met, § 30.131, Stats., applies if the easement 'authorizes access to the shore,' § 30.131(1), and if the 'pier is not prohibited by and is not inconsistent with the terms of the written easement,' § 30.131(3). This language indicates that § 30.131 applies even if the terms of the easement do not expressly permit the placement of a pier by the easement holder. However, § 30.131, when it applies, simply makes the pier placed and maintained by a non-riparian owner not 'unlawful'—that is, not a violation of statutes regulating such structures. Section 30.131

---

(b) The person to whom the easement was granted or that person's successor in interest is the person who places and maintains the wharf or pier.

(c) The placement and maintenance of the wharf or pier is not prohibited by and is not inconsistent with the terms of the written easement.

(d) The wharf or pier has been placed seasonally in the same location at least once every 4 years since the written easement described in par. (a) was recorded.

(e) The wharf or pier is substantially the same size and configuration as it was on April 28, 1990, or during its last placement before April 28, 1990, whichever is later.

(f) The placement of the wharf or pier complies with the provisions of this chapter, with any rules promulgated under this chapter and with any applicable municipal regulations or ordinances.

(2) Notwithstanding s. 30.133, an easement under sub. (1) may be conveyed if it is conveyed at the same time, and to the same person, that the land to which the easement is appurtenant is conveyed.

does not grant rights to the non-riparian owner vis-a-vis the riparian owner.

*Ellingsworth*, 195 Wis. 2d at 151.

¶ 12. At first blush, it may appear that this language supports the Wendts' argument. But a closer look at the decision reveals otherwise. The issue in *Ellingsworth* was whether the trial court had correctly ruled that the nonriparian owner was entitled to maintain a pier because the pier met the requirements of WIS. STAT. § 30.131. *Ellingsworth*, 195 Wis. 2d at 146. As the above language reveals, the court said, "no." *But that is all the court said.* The court was not asked, and did not answer, whether other circumstances might allow that an "access" easement can confer a right to use and maintain a pier. This is a subtle, but important, distinction.

¶ 13. In summary, the holding of *Ellingsworth* is this: (1) WIS. STAT. § 30.131 speaks only to the lawfulness of a pier that is used or maintained under a nonriparian access easement, and (2) the statute, standing alone, does not grant rights to a nonriparian owner vis-a-vis the riparian owner.

¶ 14. Therefore, we conclude that *Ellingsworth* does not govern this case, and that the parties' competing arguments as to whether the summary judgment evidence satisfies the factors under WIS. STAT. § 30.131 are off the mark. The same is true as to the trial court's analysis. The issue here is not whether the pier is lawful under § 30.131. That is a matter for the DNR. Rather, in our judgment, the proper inquiry is whether the terms and purpose of the easement included the right to use and maintain the pier. *See Hunter v. McDonald*, 78 Wis. 2d 338, 343, 254 N.W.2d 282 (1977). That requires us to examine the intent of the parties.

On this point, we conclude that the relevant summary judgment evidence does not raise a material issue of fact.

¶ 15. Besides the language of the easement itself, the critical evidence on this question is the affidavit of William Jaeckle. This affidavit represents that the Jaeckle family installed the pier for family use in 1962, long before the easement was created. The pier was installed at the point where the later easement met the water's edge. William's affidavit further states, "When my dad and uncle sold the resort to Dennis Winn in the early '70s, they kept a 15 foot access easement to Okauchee Lake so that the family pier and shoreland could still be used." These statements stand unrefuted in the summary judgment record.

¶ 16. True, the Wendts provided counteraffidavits questioning whether the placement, use and maintenance of the pier after the easement were always performed by the Jaeckles or their assigns, whether the pier was regularly placed in the lake on a seasonal basis, and whether the pier was always substantially the same size and configuration. This evidence was advanced to address WIS. STAT. § 30.131(1)(b), (e) and (d). To the extent this evidence is relevant, we hold that it does not bring into question that the purpose of the easement included the use and maintenance of the pier and that the Jaeckle family (and perhaps others) used the easement for that intended purpose long thereafter.

██

¶ 17. On this different basis, we uphold the trial court's grant of summary judgment to the Blazeks. In making this determination, we are aware that our analysis differs from that of the trial court. However, we recall that our review of summary judgment is de

novo and the question is whether a party is entitled to judgment as a matter of law. *Fifer v. Dix*, 2000 WI App 66, ¶ 5, 234 Wis. 2d 117, 608 N.W.2d 740.

## CONCLUSION

¶ 18. We conclude that there is no material issue of fact that the easement was intended to confer the right to use and maintain the pier to the Jaeckles and their assigns. We affirm the grant of summary judgment to the Blazeks.[8]

*By the Court.*—Judgment affirmed.

---

[8] Because we have affirmed the grant of summary judgment on the basis of the terms and purpose of the easement, we need not discuss the Blazeks' alternative arguments in support of affirmance (waiver, issue preclusion, laches and estoppel).