MILLER, Administratrix, Respondent, vs. TAINTER and another, Appellants.

*January 14—March 29, 1948.*

For the appellants there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

For the respondent there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs*.

ROSENBERRY, C. J. No question is raised respecting the liability of the defendants. Question 7 of the special verdict is as follows : By what amount, if any, is it reasonable to expect that Marie A. Ritchie, had she lived, would have increased her property or estate from her wages? Answer: $10,000. Question 8 : At what amount do you determine the present cash value of the amount Marie A. Ritchie would have increased her estate from her wages, had she lived? Answer : $7,500. No exceptions are made to the verdict in any other respect than that the finding that the present worth of the amount by which the deceased would have increased her estate is $7,500 cannot be sustained. The following instruction was given by the court :

"These tables of averages are in evidence only as one of the facts or circumstances bearing upon the particular situation involved here. The annuity table is in evidence as indicating the present cash value of defined amounts annually for a given number of years in the future. Where any sum of money as future pecuniary loss is determined plaintiff is only entitled to the present value of that sum because under the law $1 paid in hand today at legal interest is considered worth $1.05 at the end of one year, and conversely $1.05 payable in one year if presently paid is worth only $1. It is necessary, therefore, in all cases where a determination of future pecuniary loss is made for the jurors to ascertain the present worth of the amount allowed. By the present worth of a sum of money payable in the future is meant such a sum as put out at simple interest at the rate of five per cent now would amount to the desired sum at the end of a fixed period of time. For example, the present worth of $1,000 payable one year from today is found by dividing $1,000 by $1.05; if payable in two years by dividing by 1.10; if payable in three years, by dividing by 1.15, and so on covering the entire period of time under consideration. For an illustration $1,000 payable ten years from now is presently worth $666.67."

It is apparent that the jury, in reaching its verdict, did not compute the present worth on the basis of five per cent per annum. It is safe to say that it is a matter of general knowledge that funds prudently invested at the present time or at the time of the death of Mrs. Ritchie did not produce five per cent per annum or anything like it. From the evidence it appeared that deceased had invested $4,000 at one per cent interest and $2,500 at two per cent interest. Evidence as to the going rate of discount might well have been more full and explicit than it was. Calculation also shows that the rate of discount was approximately one and one-third per cent. Some consideration should be given to the fact that at this time interest and discount rates are very low, while the rate to be found is to be applied over a period of twenty-five years.

The contention of the defendants that in ascertaining the present worth the jury were bound to use the so-called legal rate of five per cent cannot be sustained. Sec. 115.04, Stats. 1945, applies only to contract liabilities and liabilities reduced to judgment. It was for the jury to determine as a matter of fact what rate of discount should be applied to the accumulations of the deceased.

The instructions of the court were very full and complete except upon a single point. While the court gave the jury an example of how the present worth of the accumulations was to be found it gave no instruction relating to the rate of discount which should be applied, nor were the jury instructed that it should find the proper rate of discount over the period of the expectancy of the deceased. It is apparent from the result at which the jury arrived that it found the amount of the accumulations and then deducted the sum of $2,500 therefrom and called that the present worth. The case being submitted upon the basis of finding the present worth of the accumulations the jury should then have been instructed to find what the rate of discount would be for the period involved. Expert evidence might well have been offered on that subject.

It is apparent from a consideration of the record that the question of rate was not submitted to the jury and the matter was not fully tried. While some evidence was introduced we think in the interest of justice the case should be remanded to the trial court with direction to have a jury ascertain the rate of discount under proper instructions and then to apply the same for the period of expectancy to the amount of accumulations found, unless the parties stipulate otherwise. See *Klinge v. Southern Pac. Co.* (1936) 89 Utah, 284, 57 Pac. (2d) 367, 105 A. L. R. 204, Anno. 234.

No other question being raised in the case the trial should be confined to that question.

*By the Court.*—The judgment is reversed, and the cause remanded to the trial court with directions to grant a new trial on the question of present worth as indicated in the opinion, and enter judgment accordingly.