IN RE the MARRIAGE OF: Elizabeth H. BOUCHARD,
Petitioner-Appellant,

v.

Jack O. BOUCHARD, Respondent.

Court of Appeals

*No. 81–1263. Submitted on briefs March 1, 1982.—Decided May 12, 1982.*
(Also reported in 321 N.W.2d 330.)

For the petitioner-appellant the cause was submitted on the brief of *Mary F. Wyant* of *Schwartz, Weber & Tofte* of Racine.

For the respondent the cause was submitted on the brief of *Frank Feil, Jr.* of *Morrissey & Feil* of Racine.

Before Voss, P.J., Brown and Scott, JJ.

BROWN, J.   This is an appeal from that part of a divorce judgment setting the value of respondent Jack Bouchard's pension rights.  The trial court chose not to adopt a valuation prepared by the Wisconsin Commissioner of

Insurance, which used the American Experience Table and a five percent rate as established pursuant to sec. 879.65, Stats. Instead, the trial court adopted a different valuation using different interest rates, which valuation was presented by respondent. Elizabeth Bouchard appeals, claiming that the interest rate used by the commissioner of insurance is mandatory in all present-value calculations of pension plans. We disagree and affirm.

Elizabeth and Jack Bouchard had been married for thirty-four years at the time of their divorce in 1981. The parties stipulated to everything except the value of Mr. Bouchard's vested pension rights from American Motors. At the time of the divorce, Mr. Bouchard was fifty-seven years old, and the parties assumed he would retire at age sixty-five.

At trial, Mrs. Bouchard submitted a statement prepared by the Wisconsin Commissioner of Insurance which showed the present value of the pension to be $15,721 and which used five percent as the discount rate. Mr. Bouchard submitted into evidence a calculation from an actuary showing a present gross value of $10,962 adjusted to a net of $9,318, which was based on an interest rate of twelve percent for five years and nine percent thereafter. The court adopted the $10,962 figure, concluding that the interest rate in sec. 879.65, Stats., is not binding.

Appellant contends that sec. 879.65, Stats., requires the trial court to use five percent interest in calculating the present value of a pension. The statute reads in pertinent part as follows:

879.65 Annuity table. The present value of any estate, annuity or interest of beneficiary *may be computed* on the basis of the American experience table of mortality with Craig's extension below age 10, and interest at 5% per year. The Northhampton table of mortality and interest at the aforesaid rate *may be used* where it is im-

practicable to use the aforesaid basis. Any court or judge by whom any present value is to be determined may transmit to the commissioner of insurance a statement of the facts he requires, and the commissioner shall make the necessary computation and certify it without charge. [Emphasis added.]

Throughout, the language of the statute is directory, not mandatory. The ordinary meaning of the word "may" has been most often construed as being permissive. It will be construed as mandatory only when public interests or rights are concerned or where the public or third persons have a claim *de jure* which demands that the power should be exercised for the benefit of such right. *City of Wauwatosa v. Milwaukee County,* 22 Wis. 2d 184, 191, 125 N.W.2d 386, 389–90 (1963). Neither exception is applicable here.

Appellant also cites sec. 138.04, Stats., which sets the legal rate of interest for loans or forbearances of money in action:

The rate of interest upon the loan or forbearance of any money, goods or things in action shall be $5 upon the $100 for one year and according to that rate for a greater or less sum or for a longer or a shorter time; but parties may contract for the payment and receipt of a rate of interest not exceeding the rate allowed in s. 138.-05, in which case such rate shall be clearly expressed in writing.

However, our supreme court in *Miller v. Tainter,* 252 Wis. 266, 268, 31 N.W.2d 531, 532 (1948), held that this statute[1] applied "only to contract liabilities and liabilities reduced to judgment." In that case, the jury was allowed to compute present value using other than five percent interest. Section 138.04, Stats., therefore, is inapplicable here.

---

[1] In *Miller v. Tainter,* 252 Wis. 266, 31 N.W.2d 531 (1948), the substantially same statute was numbered 115.04, Stats. (1945).

Finally, appellant contends that *Parsons v. Parsons,* 68 Wis. 2d 744, 229 N.W.2d 629 (1975), and *Bloomer v. Bloomer,* 84 Wis. 2d 124, 267 N.W.2d 235 (1978), dictate that the five percent rate is mandatory. We do not so read these cases.

In *Parsons,* the trial court had determined the present value of a retirement trust by using a six percent rate. The supreme court disapproved of the trial court's analysis and mentioned that "[s]ec. 138.04, Stats., sets the legal rate of interest at five percent." *Parsons,* 68 Wis. 2d at 753, 229 N.W.2d at 634. *Bloomer v. Bloomer,* however, modified *Parsons,* holding that the trial court abused its discretion by using the *Parsons* methodology. *Bloomer,* 84 Wis. 2d at 134, 267 N.W.2d at 240.

What is important about *Bloomer* is the emphasis placed upon the broad discretion of the trial court in valuing pension rights. The supreme court stated that "[t]hese rights are subject to several different general methods of valuation, and the actual calculations may change radically depending on different actuarial assumptions in respect to particular factors." *Id.* at 134, 267 N.W.2d at 240.

Given the supreme court's deference to the "substantial element of trial court discretion in valuing pension rights," *id.,* and the directory nature of the interest statute, we conclude that the trial court did not abuse its discretion in not using the five percent interest rate. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.