STATE of Wisconsin, Plaintiff-Respondent,

v.

Merry DARLING, Defendant-Appellant.

Court of Appeals

*No. 87–1999–CR. Submitted on briefs February 8, 1988—Decided March 8, 1988.*

(Also reported in 422 N.W.2d 839.)

For the defendant-appellant there was a brief by *Kenneth P. Casey,* assistant state public defender, of Madison.

For the plaintiff-respondent there was a brief by *Susan M. Zabel,* assistant district attorney, of Barron.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Merry Darling appeals a judgment convicting her of violating a restriction on her occupa-

tional license (second offense). Section 343.10(6)(b), Stats. Darling contends that the restriction prohibiting her from consuming alcohol within twelve hours prior to using the occupational license was invalid because the court had no power to impose such a restriction. Because the statutes control the regulation of occupational licenses and the court is limited to imposing only those restrictions enumerated in sec. 343.10(1), we reverse the conviction.

Darling was issued an occupational license because her operating privileges had been suspended as a result of an operating while intoxicated conviction. The occupational license contained several restrictions, including that Darling not consume alcohol twelve hours prior to the use of the license. A criminal complaint was filed against Darling for violating this restriction. Previously, Darling had been convicted of violating a different restriction on her occupational license making the instant charge a second offense subject to criminal penalties.

The sole issue on appeal is whether a court can impose restrictions on occupational licenses other than those restrictions enumerated in sec. 343.10(1). Section 343.10(1) provides in relevant part:

> [T]he judge may order the department to issue an occupational license to the person. The order for issuance of an occupational license shall contain definite restrictions as to the hours of the day, not to exceed 12, hours per week, not to exceed 60, type of occupation and areas or routes of travel to be permitted under the license. If the petitioner holds a valid chauffeur's license at the time of filing petition the order for issuance shall further restrict operation under the occupational license to travel only between the licensee's place of resi-

dence and his or her place of employment, in addition to operation permitted under the chauffeur's license. The order may permit travel to and from church but the order shall specify the hours during which travel is to be permitted. The order may permit travel necessary to comply with a driver safety plan ordered under s. 343.30(lq) or 343.305.

The interpretation of a statute is a question of law that we review without deference to the trial court's determination. *State ex rel. Newspapers Inc. v. Showers,* 135 Wis. 2d 77, 85, 398 N.W.2d 154, 158 (1987). To ascertain legislative intent, we look to the statute's language and examine the entire section as well as related sections of the statute. *State v. Williquette,* 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986); *Oimoen v. Kamps,* 118 Wis. 2d 482, 484, 347 N.W.2d 911, 912 (Ct. App. 1984). If the statute's language is unambiguous, we will interpret the statute on the basis of the plain meaning of its terms. *State v. Trongeau,* 135 Wis. 2d 188, 191, 400 N.W.2d 12, 13 (Ct. App. 1986).

We conclude that sec. 343.10(1) is unambiguous and that while the statute's language gives a court discretionary power to determine eligibility for an occupational license, it limits the court's power by specifically enumerating the restrictions the court has the power to impose. The statute gives the court discretion to authorize an occupational license by providing in sec. 343.10(1) "the judge *may* order the department to issue an occupational license to the person." *See Bouchard v. Bouchard,* 107 Wis. 2d 632, 634, 321 N.W.2d 330, 331 (Ct. App. 1982) (emphasis supplied). Even if the court finds a person eligible

842

under the statute's provisions, the court is not required to issue the license. When determining whether to issue an occupational license, the court must at least consider "the number and seriousness of prior traffic convictions" and may consider other factors in determining whether the license should be issued. Section 343.10(1), Stats.

Once the court has decided to authorize the license, the statute limits the court's power to restrict the license's use. Section 343.10(1) specifically enumerates restrictions as to the hours of the day, the total number of hours per week, the type of occupation, the areas or routes of travel, whether travel to church is allowed, and whether travel is necessary to comply with the safety plan ordered under sec. 343.30(lq) or 343.305, Stats. The statute does not authorize any other restrictions or imply that additional restrictions may be imposed.

Furthermore, sec. 343.10(4) directs the Department of Transportation to list on the license such restrictions that the court orders. Section 343.10(4) provides:

> The occupational license issued by the department shall contain such *restrictions as are ordered by the judge*. In addition to such restrictions an occupational license authorizes the licensee to operate a motor vehicle not to exceed 12 hours per day and then only when such operation is an essential part of the licensee's occupation or trade. (Emphasis supplied.)

The use of the phrase "restrictions are as ordered by the judge" refers to the restrictions enumerated under sec. 343.10(1), and not to additional restrictions that the court may deem appropriate. We reach this

conclusion because the substance of sec. 343.10(4) directs the department to list the restrictions on the license, and does not empower the court to impose restrictions other than those authorized in sec. 343.10(1).

Having concluded that the court is limited to restrictions authorized by sec. 343.10(1), we now address the issue whether the court has inherent power to impose other restrictions. The doctrine of inherent power is founded on the principle of granting to the courts the necessary powers to properly function. *State v. Braunsdorf,* 98 Wis. 2d 569, 579, 297 N.W.2d 808, 813 (1980). Inherent power applies to matters that are traditionally within the court's function and that are not uniquely within the province of the legislature. *Breier v. E.C.,* 130 Wis. 2d 376, 386–87, 387 N.W.2d 72, 76 (1986); *State v. Cannon,* 206 Wis. 374, 381–82, 240 N.W. 441, 444–45 (1932).

Here, the regulation of motor vehicle operating privileges is a function of the legislature and not the courts. Because this area is controlled exclusively by the legislature, and not a court function, the court is confined to those powers vested by the statute. The statute enumerates restrictions that the court can impose and is devoid of any language granting discretionary power to impose additional restrictions. Accordingly, we conclude that the court was without authority to impose the restriction prohibiting Darling from consuming alcohol within twelve hours prior to using the occupational license.

*By the Court.*—Judgment reversed.