STATE of Wisconsin EX REL. Earl JOHNSON, Petitioner-
Appellant,

v.

Jon E. LITSCHER and Thomas G. Borgen, Respondents-
Respondents.

Court of Appeals

*No. 00–1485. Submitted on briefs December 7, 2000.—Decided
January 18, 2001.*

2001 WI App 47

(Also reported in 625 N.W.2d 887.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Earl Johnson*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Richard A. Victor*, assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. ROGGENSACK, J.   Earl Johnson, who is incarcerated at Fox Lake Correctional Institution (FL CI), appeals an order dismissing his petition for certiorari, which seeks review of a disciplinary committee

decision that was affirmed by Thomas Borgen, the superintendent of the John C. Burke Correctional Center (JCBCC)[1] and Jon Litscher, the Secretary of the Department of Corrections. The circuit court determined that because Johnson filed his petition for certiorari more than forty-five days after Litscher had issued his final decision on Johnson's appeal, his action must be dismissed and the writ quashed. We disagree because we conclude that even though the petition was filed more than forty-five days after Litscher's decision, on the record before us, Johnson proved the number of days that elapsed between the decision and his receipt of it. We also conclude that the record discloses no circumstances that would make it a proper exercise of discretion not to extend the time for filing the petition under WIS. STAT. § 893.735(2) (1999–2000).[2] Accordingly, we reverse the order of the circuit court and remand the petition for a decision on the merits.

## BACKGROUND

¶ 2. While an inmate at JCBCC, Johnson received a conduct report for the use of intoxicants in violation of WIS. ADMIN. CODE § DOC 303.59. After a hearing before the disciplinary committee, he was found guilty. He appealed to Borgen, who affirmed the committee. On August 20, 1999, when Litscher also affirmed, Johnson had exhausted all administrative remedies available to him.

---

[1] Johnson had been incarcerated at JCBCC when he received the conduct report, prior to transfer to FLCI.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 3.    Johnson filed a petition for a writ of certiorari in the circuit court on November 18, 1999,[3] and the circuit court issued the writ. However, on May 17, 2000, after the timeliness of Johnson's petition was first raised in the brief of Litscher and Borgen, the circuit court, treating the brief as a motion to dismiss, concluded that Johnson was barred from commencing a certiorari action because he had filed it more than forty-five days after August 20, 1999. As a result, the circuit court dismissed the action and quashed the writ. Johnson claims on appeal, as he did in his petition for a writ of certiorari, that despite repeated inquiries into the status of his appeal of the disciplinary committee's decision, he did not receive notice of Litscher's decision until October 16, 1999. Accordingly, he appeals the order of the circuit court dismissing his petition.

## DISCUSSION

**Standard of Review.**

■

¶ 4.    A motion to dismiss for failure to meet a statute of limitations can be decided on the sufficiency of the facts alleged in the petition when combined with those facts asserted by the response when there is no conflict. *See Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis. 2d 302, 312, 533 N.W.2d 780, 784 (1995). When a circuit court decides a motion to dismiss for failure to comply with a statute of limitations by considering matters outside the four square corners of the pleadings, it is actually deciding a motion for summary

---

[3] The record reflects that Johnson's petition and all attachments were received by the clerk of courts on October 22, 1999.

judgment. WISCONSIN STAT. § 802.06(2)(b); *see Carlson v. Pepin County*, 167 Wis. 2d 345, 351, 481 N.W.2d 498, 500 (Ct. App. 1992). The grant or denial of summary judgment is an issue of law that we review *de novo*, applying the same methodology as the circuit court. *Capoun Revocable Trust v. Ansari*, 2000 WI App 83, ¶ 5, 234 Wis. 2d 335, 340, 610 N.W.2d 129, 132.

**Order of Dismissal.**

██

¶ 5.   Failure to timely file a petition for certiorari under WIS. STAT. § 893.735 may result in dismissal. *State ex rel. Collins v. Cooke*, 2000 WI App 101, ¶ 5, 235 Wis. 2d 63, 67, 611 N.W.2d 774, 776. Section 893.735 governs the time within which a prisoner may begin an action challenging a governmental decision or disposition. It provides in relevant part:

> (2)   An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, *except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition* (emphasis added).

¶ 6.   Litscher and Borgen argue that the circuit court correctly dismissed Johnson's action as untimely because Johnson did not file it until November 18, 1999, ninety-one days after they claim he had received Litscher's decision of August 20, 1999, and forty-six days after the statutory deadline had expired. However, they filed no motion to dismiss or motion for summary judgment of dismissal, nor did they file an

affidavit or other proof of service[4] from the person whom they assert gave a copy of Litscher's decision to Johnson. Instead, they merely raised the issue in their trial brief and relied completely on the date of Litscher's decision and the date Johnson's petition was accepted for filing.

¶ 7. Johnson's petition, on the other hand, was a sworn, notarized statement. It asserted that he did not receive notice of Litscher's decision until long after August 20, 1999, by relating that:

> 14. On August 6, 1999, by certified mail the petitioner filed a [sic] appeal with the corrections complaint examiner.
>
> 15. On August 22 and August 30, 1999, the petitioner sent two letter [sic] to the correction complaint examiner requesting that they acknowledge receipt of his complaint, no responses.
>
> 16. On October 11, 1999 the petitioner filed a motion with the secretary and the corrections complaint examiner requesting that they grant him a written decision, this motion was support [sic] by a signed affidavit. A copy of this motion and affidavit was sent via mail to, Richard A. Thieme, Clerk, Dodge County Circuit Court on October 12, 1999.
>
> 17. On October 16, 1999, the petitioner received a letter from a William D. Ridgely stating that the secretary made a final decision on my appeal August 30, 1999, [sic] and further stated

---

[4] Because WIS. STAT. § 893.735 provides for extension of the forty-five days when the prisoner proves he or she did not receive actual notice of the decision on the date of decision, it would facilitate the court's application of § 893.735 if DOC instituted some means of documenting the date of service on the inmate. We note that Johnson has the right to be provided with a written copy of that decision. WIS. ADMIN. CODE § DOC 310.13(7).

that the Fox Lake Correctional Institutional Complaint Examiner, Tom Gozinski should have notified the petitioner with a copy of the secretary [sic] August 30, 1999 written decision.

18. On October 18, 1999, the petitioner sent a written notice to the secretary and William Ridgely, and Tom Gozinski stating that he have [sic] not received a written decision that he is entitle [sic] to according to the DOC-310.

¶ 8. Johnson also attached to his petition several documents supporting his statements that he did not receive notice of Litscher's decision until at least October 16, 1999, and that no written copy of the decision was provided until approximately October 19, 1999. These include: (1) Johnson's August 30, 1999, letter to Tom Gozinski, ICE at FLCI, requesting acknowledgement of his appeal of the disciplinary committee decision, complaint file # FLCI–1999–50452; (2) an Inmate Interview/Information Request form completed by Johnson and dated October 6, 1999, asking Gozinski to help him get a decision from Litscher and for advice about what to do if he does not get a decision in the time set forth in the DOC rules;[5] (3) Johnson's affidavit, dated October 11, 1999, requesting a written decision on his appeal of the disciplinary committee decision; (4) a letter dated October 11, 1999, from Johnson to Litscher requesting a written decision; and (5) letters

[5] This document also contains what appears to be Gozinski's handwritten response wherein he advises:

The code states that, shall the CCE or the Secretary not answer within the prescribed period, the previous decision is considered affirmed. C.f. DOC 310.13(7) & 310.14(3).

Gozinski's response suggests that he knew nothing of a decision by Litscher when he responded to Johnson's request for advice.

dated October 17, 1999, from Johnson to Litscher, Gozinski, DOC Assistant Administrator William Ridgely, and FLCI Lieutenant Maxwell, each stating that he had not received a copy of a decision by Litscher.

¶ 9.   It is not clear to us on what evidentiary basis the circuit court relied for its determination that Johnson's petition was untimely. Apparently it did not consider his verified petition and attachments as proof under WIS. STAT. § 893.735(2) of the number of days that had elapsed between Litscher's decision and Johnson's actual notice of that decision. The statute does not establish how a prisoner may prove the facts relating to a claimed delay in receipt of the final decision of the secretary. However, it clearly envisions circumstances when there is a delay in the prisoner's receipt of the secretary's final decision for which the forty-five day time limit should be extended because the delay has been proved.

¶ 10.   Proof of the number of days that have elapsed between the date of a decision and a prisoner's receipt of it is proof of a fact. Sworn statements made on personal knowledge are sufficient to meet the prisoner's initial burden in this regard. *See Kronske v. Anaconda American Brass Co.*, 70 Wis. 2d 632, 640–41, 235 N.W.2d 283, 287 (1975) (holding that affidavits in support of summary judgment which are made on personal knowledge and assert evidentiary facts are sufficient to support a movant's initial burden). Here, Johnson's verified petition, a sworn statement, is sufficient to meet his initial burden under the statute to prove the number of days that elapsed between Litscher's decision and his receipt of it.

¶ 11.   Litscher and Borgen have made no evidentiary submissions to counter Johnson's proof.

Therefore, based on the record before us, if we were to construe the assertion of untimeliness contained in Litscher and Borgen's trial brief as a motion to dismiss, it should have been denied because Johnson's verified petition is sufficient to defeat it, just as it would be if we were to construe their brief as a motion for summary judgment. Accordingly, on the record before us, Johnson has proved that he did not have actual notice of the decision until October 16, 1999. His petition was filed November 18, 1999, within forty-five days of his receipt of Litscher's decision.

¶ 12. The statute provides that the court "may extend the [forty-five day] period" when the prisoner has proved delay between the decision and actual notice of it. "May" ordinarily denotes that a court has discretion to act. *Kotecki & Radtke, S.C. v. Johnson*, 192 Wis. 2d 429, 447–48, 531 N.W.2d 606, 613 (Ct. App. 1995). However, "may" is sometimes construed as mandating that the circuit court take the particular action. *Bouchard v. Bouchard*, 107 Wis. 2d 632, 634, 321 N.W.2d 330, 331 (Ct. App. 1982). However, we need not decide the proper construction of "may" in the statute in this case, because even if properly construed as giving the circuit court the discretion to extend the forty-five days when the inmate has proved the delay, we conclude that, based on the record before us, there are no circumstances that would make it a proper exercise of discretion not to extend the time during which Johnson's petition will be deemed timely. Therefore, we reverse the order dismissing his petition, and we remand it to the circuit court for a decision on the merits.

## CONCLUSION

¶ 13.   Because we conclude that even though the petition was filed more than forty-five days after Litscher's decision, on the record before us, Johnson proved the number of days that elapsed between the decision and his receipt of it, and the record discloses no circumstances that would make it a proper exercise of discretion not to extend the time for filing the petition under WIS. STAT. § 893.735(2). Accordingly, we reverse the order of the circuit court and remand the petition for a decision on the merits.

*By the Court.*—Order reversed and cause remanded.