COURT OF APPEALS
DECISION
DATED AND FILED

December 10, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP124**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV8621

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN EX REL. JIBRIL A. WILSON,

      PETITIONER-APPELLANT,

    V.

BRIAN HAYES ADMINISTRATOR, DIVISION OF HEARINGS AND APPEALS,

      DEFENDANT-RESPONDENT.

---

APPEAL from orders of the circuit court for Milwaukee County: BRITTANY C. GRAYSON, Judge. *Affirmed*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jibril A. Wilson, *pro se*, appeals from orders of the circuit court denying his petition for a writ of certiorari as untimely. *See* WIS. STAT. § 893.735(2) (2021-22).[1] Upon review, we affirm.

## BACKGROUND

¶2 On March 28, 2023, Wilson was on extended supervision, and he received a notice that revocation proceedings were being brought against him. After a hearing on May 9, 2023, an administrative law judge (ALJ) of the Division of Hearings and Appeals (DHA) revoked Wilson's supervision for eighteen months. Wilson was granted a second hearing, and a second ALJ also found it appropriate to revoke Wilson's supervision. Wilson appealed the revocation decision to the DHA's Administrator, Brian Hayes, and Hayes sustained the decision to revoke Wilson's supervision. Hayes's decision was dated August 25, 2023.

¶3 Wilson, as a prisoner at the Milwaukee Secure Detention Facility, sought certiorari review in the circuit court. The record reflects that the circuit court received the following documents related to Wilson's petition over a period of time beginning on October 9, 2023, and ending on November 14, 2023, when his petition was considered filed: (1) a petition for writ of certiorari and proposed writ; (2) an affidavit listing the documents included with his petition and when he mailed them (affidavit of mailing); (3) documentation of administrative exhaustion of his claims; (4) an authorization to withhold money from his prisoner trust fund account and a trust fund account statement; (5) a certification from the Wisconsin

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Department of Justice (DOJ) that he had no more than three case dismissals under WIS. STAT. § 801.02(7)(d) (three-strikes certification); and (6) a petition for a fee waiver and affidavit of indigency.

¶4 As provided in his affidavit of mailing, Wilson stated that he placed the following documents in the mail on September 25, 2023: (1) the petition for a writ of certiorari; (2) a proposed writ; (3) a request to DOJ for his three-strikes certification; (4) administrative exhaustion documentation; and (5) his affidavit of mailing. Importantly, Wilson did not list in his affidavit of mailing that his petition for a fee waiver and affidavit of indigency was included with the set of documents sent to the circuit court on September 25, 2023. Rather, the record reflects that the circuit court received a petition for a fee waiver and affidavit of indigency from Wilson, that was signed on October 20, 2023, and stamped as received and filed by the circuit court on November 6, 2023. The record is overall silent as to when Wilson placed this petition for a fee waiver and affidavit of indigency in the mail.

¶5 On November 29, 2023, the circuit court denied Wilson's petition as untimely under WIS. STAT. § 893.735(2). The circuit court found that § 893.735(2) bars an action for certiorari unless it is filed within forty-five days of when the cause of action accrues. The circuit court further found that it first received Wilson's petition for a writ of certiorari on October 9, 2023, Wilson's deadline to file was October 9, 2023, and one of the documents Wilson was required to file—the petition for a fee waiver and affidavit of indigency—was not even notarized until October 20, 2023, which was eleven days after the October 9 deadline. Thus, the circuit court found that Wilson's petition for a writ of certiorari was untimely.

3

¶6 On December 12, 2023, Wilson filed another document that the circuit court construed as a motion for reconsideration. In this filing, Wilson asserted that he knew that the petition for a fee waiver and affidavit of indigency was sent later than his other documents but because his other forms were filed timely, it did not matter that he sent his petition and affidavit later. He further contended that he mailed a petition for a fee waiver and affidavit of indigency on time but submitted a second one—the one ultimately received by the circuit court—because he discovered that he sent the first one to the wrong address.

¶7 Attached to his filing, Wilson included a copy of his request for his three-strikes certification from the DOJ dated September 25, 2023, the first page of Form CV-439 for an "Order on Prisoner's Petition for Waiver of Prepayment of Fees/Costs,"[2] and the second page of Form CV-438 for a "Petition for Waiver of Prepayment Fees/Costs – Affidavit of Indigency." The first page of the Form CV-439 contains an unrelated case number and no other information is completed on the form. The second page of the Form CV-438 contains a signature dated September 25, 2023.

¶8 On December 19, 2023, the circuit court again denied Wilson's request as untimely. The circuit court stated that even though Wilson timely filed some of the required documents, the earliest that Wilson could have filed the petition for a fee waiver and affidavit of indigency was still past the statutory

---

[2] Form CV-439 "Order on Prisoner's Petition for Waiver of Prepayment of Fees/Costs" is a form completed by a circuit court in response to the Form CV-438 "Petition for Waiver of Prepayment Fees/Costs – Affidavit of Indigency." With Form CV-439, a circuit court indicates whether a prisoner's petition for a fee waiver and affidavit of indigency has been granted or denied. In this case, the circuit court completed and signed Form CV-439 on November 15, 2023. The Form CV-439 provided by Wilson is unrelated to the Form CV-439 that the circuit court completed and signed for this case on November 25, 2023.

deadline of forty-five days, given that the document received by the circuit court was not even notarized until October 20, 2023.

¶9      Following the circuit court's second order denying Wilson's petition, the record contains additional documents that Wilson filed with the circuit court on January 11 and 17, 2024, again challenging the circuit court's denial.[3]  In these documents, Wilson again stated that he put all the required documents in the mail on September 25, 2023.  He similarly provided the first page of Form CV-439 with the unrelated case number and the second page of Form CV-438 with the September 25, 2023 date.  He also provided the first page of Form CV-438 with an unrelated case number.

¶10     In these submissions, Wilson further added that he sent in a second petition for fee waiver and affidavit of indigency after being informed by the circuit court that the form was missing.  He also stated that he did not receive a copy of Hayes's decision until September 18, 2023, and he provided an envelope dated September 18, 2023, marked with his attorney's address.  Wilson, therefore, requested that the circuit court reconsider its denial and consider tolling the filing deadlines.

¶11     The circuit court did not hold a hearing or otherwise respond to Wilson's additional documents filed on January 11 and 17, 2024, and Wilson now appeals.

---

[3] While the circuit court did not address these documents, we nonetheless include them given that they are contained in the appellate record and both parties have discussed these documents in their briefing.

**DISCUSSION**

¶12    On appeal, Wilson argues that the circuit court erroneously dismissed his petition as untimely.  We review *de novo* the circuit court's decision to dismiss Wilson's petition as untimely.  *See State ex rel. Johnson v. Litscher*, 2001 WI App 47, ¶4, 241 Wis. 2d 407, 625 N.W.2d 887.

¶13    The time for an action by a prisoner challenging a governmental decision is governed by WIS. STAT. § 893.735(2), which states that "[a]n action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within [forty-five] days after the cause of action accrues."  *See Johnson*, 241 Wis. 2d 407, ¶5.  "[A]n action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with a court."  Sec. 893.735(3).  The forty-five day period to commence an action begins "on the date of the decision or disposition[.]"  Sec. 893.735(2).  "Failure to timely file a petition for certiorari under WIS. STAT. § 893.735 may result in dismissal."  *Johnson*, 241 Wis. 2d 407, ¶5.

¶14    In this case, the circuit court dismissed Wilson's petition as untimely because it found that Wilson failed to timely file the petition for a fee waiver and affidavit of indigency within forty-five days after Hayes's decision.  The record indicates that the only completed petition for a fee waiver and affidavit of indigency that the circuit court received was dated October 20, 2023, and that this petition for a fee waiver and affidavit of indigency was dated and received after the forty-five day deadline of October 9, 2023.  "In Wisconsin, however, civil actions are not commenced until the applicable filing fee is paid, unless payment is waived by the court for cause shown."  *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, ¶9, 239 Wis. 2d 327, 620 N.W.2d 409 (citation omitted).  Thus, we

agree with the circuit court that Wilson's petition for a writ of certiorari was untimely because it was missing a complete and timely filed petition for a fee waiver and affidavit of indigency. However, in light of Wilson's remaining allegations, we also turn to the question of whether equitable tolling applies.

¶15 "[W]hen a prison inmate places a certiorari petition in the institution's mailbox for forwarding to the circuit court, the forty-five day time limit in WIS. STAT. § 893.735(2) is tolled." *State ex rel. Locklear v. Schwarz*, 2001 WI App 74, ¶25, 242 Wis. 2d 327, 629 N.W.2d 30. "[T]he tolling begins when the documents over which prisoners have control have been mailed, and all of the documents over which prisoners have no control have been requested." *State ex rel. Walker v. McCaughtry*, 2001 WI App 110, ¶18, 244 Wis. 2d 177, 629 N.W.2d 17; *see also State ex rel. Tyler v. Bett*, 2002 WI App 234, ¶15, 257 Wis. 2d 606, 652 N.W.2d 800. The petition for a fee waiver and affidavit of indigency is considered a document over which a prisoner has control, and consequently, it is required to be placed in the mail to trigger any tolling. *See Locklear*, 242 Wis. 2d 327, ¶22; *Walker*, 244 Wis. 2d 177, ¶12; *see also Tyler*, 257 Wis. 2d 606, ¶15 ("The tolling rule is thus limited in scope, and a prisoner must submit proper documents and comply with statutory fee or fee-waiver requirements in order to obtain the benefit of the rule.").

¶16 In his later submissions to the circuit court, as well as on appeal, Wilson claims to be entitled to equitable tolling beginning on September 25, 2023. We disagree, and we conclude that Wilson fails to establish that he is entitled to any equitable tolling beginning on September 25, 2023, because he has not established that he placed a complete set of documents containing his petition for a fee waiver and affidavit of indigency in the mail on September 25, 2023. *See Tyler*, 257 Wis. 2d 606, ¶¶15-16.

7

¶17     Wilson claims that he prepared a petition for a fee waiver and affidavit of indigency dated September 25, 2023, and that he included this document with his other documents dated September 25, 2023.  Yet, somehow only his petition for a fee waiver and affidavit of indigency was incorrectly addressed and did not arrive at the circuit court.  Wilson fails to explain how his petition for a fee waiver and affidavit of indigency went missing if it was included with several other documents that did timely arrive at the circuit court on October 9, 2023.  He further fails to explain why, if he originally included a petition for a fee waiver and affidavit of indigency, he did not list this document in his affidavit of mailing, as he did the other documents he sent to the circuit court on that date.  Consequently, we consider Wilson's claim that he included a petition for a fee waiver and affidavit of indigency with his other documents dated September 25, 2023, but somehow only the petition for a fee waiver and affidavit of indigency was incorrectly addressed to be inconsistent with the record.

¶18     Wilson's claims are also inconsistent with each other.  In addition to claiming that he prepared a petition for a fee waiver and affidavit of indigency on September 25, 2023, that was lost in the mail, Wilson also claims that the court should overlook any untimeliness in the petition for a fee waiver and affidavit of indigency because he timely submitted the remainder of his documentation.  Wilson cannot claim to have timely submitted a petition for a fee waiver and affidavit of indigency that was lost in the mail and then also request to have an admittedly untimely petition for a fee waiver and affidavit of indigency overlooked as a sort of harmless error given that he submitted the rest of his documents timely.

¶19     Additionally, the documentation that Wilson submits as proof of a petition for fee waiver and affidavit of indigency dated September 25, 2023, is

8

comprised of an incomplete document that is not connected in any way to this case and an entirely different form for an entirely different case.

¶20 In short, the record taken as a whole does not reflect that Wilson did in fact submit a petition for a fee waiver and affidavit of indigency for this case on September 25, 2023. Therefore, Wilson is not entitled to any equitable tolling beginning with his placement of his petition for a writ of certiorari in the mail on September 25, 2023.

¶21 Nevertheless, Wilson also alleged in his last submissions to the circuit court and on appeal that he was entitled to equitable tolling because he did not receive a copy of Hayes's decision from his attorney until September 18, 2023. In support of this assertion, Wilson submitted an envelope from his attorney dated September 18, 2023.

¶22 Initially, we note that Wilson did not raise his receipt of Hayes's decision as an issue until January 11 and 17, 2024, after the circuit court's second denial of Wilson's petition as untimely. Rather, Wilson's first course of action—which he similarly repeated in his last submissions to the circuit court in January 2024 and again on appeal—was to submit a document for a different case dated September 25, 2023, and allege that the first petition for a fee waiver and affidavit of indigency was timely placed in the mail but ultimately lost. Wilson also provided the alternate explanation that the untimeliness of his petition for a fee waiver and affidavit of indigency should be overlooked because he timely submitted the other documents.

¶23 However, for the sake of completeness we assume Wilson did not receive a copy of Hayes's decision until September 18, 2023, and that Wilson's deadline may have been extended to November 2, 2023, such that the second

alleged petition for a fee waiver and affidavit of indigency dated October 20, 2023, could have been considered timely if it was placed in the prison mailbox prior to the deadline. *See* WIS. STAT. § 893.735(2) ("[T]he court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition."). As the State correctly points out, however, this petition for a fee waiver and affidavit of indigency was not received by the circuit court until November 6, 2023. The circuit court's receipt of this document is still after the potentially extended deadline of November 2, 2023, and Wilson fails to provide any proof that he put this document in the mail prior to the deadline. Thus, Wilson's petition was likewise untimely under any assumed extension of the deadline to November 2, 2023.

¶24 Accordingly, we conclude that Wilson's petition for a writ of certiorari was untimely, and we affirm the circuit court's denial of Wilson's petition as such.[4]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] While we are overall satisfied that the record in this case demonstrates that Wilson is not entitled to equitable tolling and cannot demonstrate that he timely filed his petition for a writ of certiorari, we note that a fact-finding hearing in this case would have provided additional clarity in the record on the facts related to Wilson's allegations that he is entitled to equitable tolling, either because he did submit a petition for a fee waiver and affidavit of indigency on September 25, 2023, or because he did not receive a copy of Hayes's decision until September 18, 2023. *See State ex rel. Walker v. McCaughtry*, 2001 WI App 110, ¶¶23-26, 244 Wis. 2d 177, 629 N.W.2d 17.